## T. J. CHAMBERS v. JOHN O'BRIAN'S HEIRS.
## CHARLES WILCOX v. T. J. CHAMBERS.

It is contrary to the rules of this Court to take out the transcript after the cause
has been submitted to the Court.

Where the appellant took out the transcript without the permission of the Court,
after the cause had been submitted, and kept it in his possession several years,
and being notified at a former Term, failed to return it, the Court, on motion of
the appellee, dismissed the appeal.

Where the appellee took out the transcript without the permission of the Court,
after the cause had been submitted, and kept it in his possession several years,
and being notified at a former Term, failed to return it, the Court overruled a
motion to dismiss the suit, (the appellee being plaintiff below) but allowed the
appellant to take a rule on the appellee, to produce the transcript, or at his op-
tion, to take a *certiorari* to the Clerk of the Court below to send up another tran-
script at the costs of the appellee.

Appeals from Liberty. Motion by appellees, in Chambers
against O'Brian's heirs, to dismiss. Motion by appellant, in
Wilcox v. Chambers, to reverse and remand, or dismiss the
suit, the appellee having been plaintiff in the Court below.
The facts are stated in the Opinion.

*B. C. Franklin,* for the motions.

PER CURIAM. These motions have been raised upon the fol-
lowing statement of facts: That the first case stated, that of
Chambers v. The Heirs of O'Brian, was submitted to the Court
for decision on the fifth day of March, eighteen hundred and
fifty-one; that from the time of submission, up to the present
time, the record has been in the hands of the appellant, and out
of the custody of the Clerk of this Court, for nearly all the
time. By the rules of the Court, parties or their attorneys
are entitled to have the record for a period of three days, at
any time before the case is submitted; but when a case is sub-

mitted, there is no rule authorizing either party to a suit or his attorney to take the record from the Court without special permission of the Court. Yet, notwithstanding the practice of the Court, and without any leave granted, the appellant has retained, and still retains possession of the record in this case ; that the record has only once, for a long period of time, been in possession of the Clerk of this Court ; that the record was returned to the office of the Clerk on one evening during the present Term, and on the next morning was withdrawn again by the appellant, the appellant promising to return the same which he did not do. The appellees, making the above suggestions to the Court, and annexing the statement of the Clerk of this Court praying that the Clerk may be sworn to the truth of the facts therein stated, if necessary, moves the Court that the appeal may be dismissed at the costs of the appellant.

The statement of the Clerk is as follows : i. e., "Having "been called on by B. C. Franklin, Esquire, to state what I "know in relation to the length of time, &c., &c., which Gene- "ral Chambers has had the transcript of the record and papers "in the cases No. 36, Wilcox v. Chambers, and 37, Chambers "v. The Heirs of O'Brian, from Liberty County, I have to say "that I do not recollect precisely. The records have been in "the hands of General Chambers for several Terms, when called "up by the opposing counsel or the Court. I think they have "been in the hands of General Chambers during the vacation "for the last three years. He brought them in during one day "this term and took them out the next day. I remarked to "him that I expected to get into trouble if the records were "not in Court; when called for, and he informed me that he "would return them and have them here when called. The "said Chambers has now the records above stated in his hands, "for which I have his receipt. Galveston, March 8th, 1855."

In addition to the preceding statement, it was verbally stated by Mr. Franklin, in answer to an inquiry by a member of the Court, that after the case of Chambers v. O'Brian's Heirs had been submitted to the Court for its decision, he saw the

record presented as evidence by the said Chambers in a suit in the District Court of Harris County, at the city of Houston. The fact of these records being out of the office of the Clerk, and said by him to be in the possession of Chambers at a former Term of this Court when called for, is within the recollection of the Court. This is a most extraordinary and unwarrantable proceeding on the part of General Chambers.

After a cause has been argued and submitted to the Court, neither party nor counsel has any authority to take the record out of the Clerk's Office, nor should they be permitted to do so. The records should at all times be guarded with vigilance, but more so after argument and submission. Their withdrawal at that time may seriously impede the course of justice. There is no pretence on which their detention can be justified. The argument is closed, and inspection of them can be of no avail in preparation, nor can the rights of the parties be affected otherwise than injuriously by such detention. Each party to a suit has a right to as speedy a decision of the case as is consistent with the due and deliberate consideration of the questions involved. The heirs of O'Brian had obtained their judgment more than five years ago, and Chambers appealed. He surely cannot, by withdrawing the records, be permitted to protract this appeal, and thus oppress and harass the other parties by depriving them of the benefit of their judgment below, and putting it out of power of the Court to decide the cause finally on the merits. Had the appellant withdrawn the record or failed to appear and prosecute his appeal before argument and submission, the appellees would have been entitled to a dismissal for the want of prosecution, and by the laws as they now exist, to an affirmance of the judgment without reference to the merits. Can the unauthorized abstraction of the record after argument, place the appellees in a worse condition than they would have been in, had it been withdrawn before? Certainly not, and we have no hesitation in coming to the conclusion that the appellees in the case of Chambers v. O'Brian are legally and justly entitled to have the appeal dismissed at the costs of the appellant.

We have had some difficulty as to the proper disposition of the motion in the other case. There is no doubt of the impropriety, as well against the Court as Wilcox, in taking off the records, and thus preventing the possibility of a decision; and we are satisfied that the conduct of the appellee has been such as would justify the Court in granting the appellant a new trial without reference to any supposed error that may have intervened in the trial below. The appellant had a right to have that judgment reversed if erroneous, and his right cannot be defeated by the absence of the record under such circumstances. But we cannot perceive what would be gained by the appellant in remanding for a new trial. Without a decision here on the law of the case, the judgment on a new trial would in all probability be brought here by appeal, and under this view we believe that we ought not to reverse and remand, but take measures to have the record in Court before the next Term. The appellant can determine whether he would prefer a rule on Chambers to produce the record or a *certiorari* at his costs for a new transcript.

Of course the motion for re-argument by Chambers in this cause is overruled. He left the city in a few days after that motion, taking the records with him. For his leaving there was sufficient cause in the illness of his family. But his presence or absence cannot affect the decision on these motions. Whether he be present or absent is not material; but the records are of essential interest to the rights of the parties, and they cannot be withdrawn, at least without the permission of the Court. The appeal of Chambers v. O'Brian is ordered to be dismissed.

When the opinion of the Court disposing of the motion in these cases was delivered, the party, Chambers, appeared in Court, and assigned as one among other reasons for withdrawing the records, that he had been under the impression that he had the leave of the Court to withdraw them, and stated that

if he had not such leave, he had acted under an erroneous impression. The Court, adverting to the fact that the party had been notified at a former Term to return the records, then in his possession, adhered to the order indicated in the opinion.

Ordered accordingly.