### WILLIAM BROWN *v.* THE STATE.

PRACTICE IN THE COURT OF APPEALS.—Where the evidence tended·to opposite conclusions and the trial judge refused a new trial, the conviction will not be disturbed by this court. Note illustration in this case where there was positive testimony to an *alibi.*

APPEAL from the District Court of Fayette. Tried below before the Hon. L. W. MOORE.

The opinion states the case.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J. It was in proof on the trial that the watch was stolen on the night of the 25th of September, 1879, and that defendant sold it to a third party on Sunday, the 28th of September, 1879. Two witnesses for the defence testified positively to an *alibi*, and one that he had seen defendant and another colored man, whose name is not given, playing cards for this identical watch on Sunday morning

(the 28th), and that after the game was over defendant took the watch, got up, and said he had won it.

The court, amongst other matters, in a charge which presented the law of the case, instructed the jury as follows: " If you believe from the evidence that the defendant was not present at the time and place of the commission of the offence, you will acquit." Evidently the jury did not believe the testimony with regard to the *alibi*, or the winning of the watch. The rule is, that, " when the evidence on the trial of a criminal cause tends to establish different and opposite conclusions, it is for the jury to find their verdict upon the evidence which in their judgment is entitled to most credit; and if the judge who has tried the cause has refused to set aside a verdict of guilty found on such evidence, the conviction will not be disturbed in this court." *Williams* v. *The State*, 14 Texas, 209.

The judgment is affirmed.

*Affirmed.*